UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

TERRELL JACKSON                              Case No. 12-11448

        Plaintiff,                       Denise Page Hood
v.                                           United States District Judge

COMMISSIONER OF SOCIAL SECURITY,             Michael Hluchaniuk
                                             United States Magistrate Judge
        Defendant.
_____/

**REPORT AND RECOMMENDATION
CROSS-MOTIONS FOR SUMMARY JUDGMENT (Dkt. 20, 26)**

**I.     PROCEDURAL HISTORY**

     A.     Proceedings in this Court

On March 30, 2013, plaintiff filed the instant suit seeking judicial review of the Commissioner's unfavorable decision disallowing benefits. (Dkt. 1). Pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.1(b)(3), this matter was referred to the undersigned for the purpose of reviewing the Commissioner's decision denying plaintiff's claim for supplemental security income benefits. (Dkt. 2). This matter is before the Court on cross-motions for summary judgment. (Dkt. 20, 26).

     B.     Administrative Proceedings

Plaintiff filed the instant claim on May 28, 2010, alleging disability beginning November 22, 2007. (Dkt. 16-2, Pg ID 58). Plaintiff's claims were

1

initially disapproved by the Commissioner on October 22, 2010. (Dkt. 16-2, Pg ID 58). Plaintiff requested a hearing and on August 18, 2011, plaintiff appeared, with counsel, before Administrative Law Judge ("ALJ") Henry Perez, Jr., who considered the case de novo. (Dkt. 16-2, Pg ID 58-66). In a decision dated September 16, 2011, the ALJ found that plaintiff was not disabled. *Id*. Plaintiff requested a review of this decision, and the ALJ's decision became the final decision of the Commissioner when the Appeals Council, on March 22, 2013, denied plaintiff's request for review. (Dkt. 16-2, Pg ID 48-50); *Wilson v. Comm'r of Soc. Sec.*, 378 F.3d 541, 543-44 (6th Cir. 2004).

For the reasons set forth below, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

## II.    FACTUAL BACKGROUND

### A.    ALJ Findings

Plaintiff was born in 1972 and was 37 years of age on the date that the application was filed. (Dkt. 16-2, Pg ID 64). Plaintiff had no past relevant work. *Id*. The ALJ applied the five-step disability analysis to plaintiff's claim and found at step one that plaintiff had not engaged in substantial gainful activity since the application date. (Dkt. 16-2, Pg ID 60). At step two, the ALJ found that

plaintiff's diabetes mellitus with neuropathy, blurred vision, back condition, knee condition, and depression were "severe" within the meaning of the second sequential step. (Dkt. 16-2, Pg ID 60). At step three, the ALJ found no evidence that plaintiff's combination of impairments met or equaled one of the listings in the regulations. *Id*.

The ALJ determined that plaintiff had the residual functional capacity (RFC) to perform sedentary work with the following limitations:

> he can lift 10 pounds occasionally and 5 pounds frequently; he can sit for six hours in an eight-hour work day, stand for two hours in a work day and/or walk for two hours in a work day; he must avoid all exposure to hazards; his job cannot involve more than routine production and stress; and he is limited to simple, unskilled work.

(Dkt. 16-2, Pg ID 61). At Step Four, the ALJ found that plaintiff had no past relevant work. However, the ALJ determined that, considering plaintiff's age, education, experience, and RFC, there were jobs that exist in sufficient numbers that plaintiff can perform and therefore, plaintiff had not been under a disability from the alleged onset date through the date of the decision. (Dkt. 16-2, Pg ID 65).

    B.    <u>Plaintiff's Claims of Error</u>

On April 7, 2014, plaintiff filed a one page document that was interpreted to be his motion for summary judgment. (Dkt. 20). In this letter, plaintiff asserts that

3

he is now receiving benefits but is entitled to additional back benefits. *Id*. In an Order dated May 7, 2014, the Court ordered plaintiff to file a supplemental brief, explaining, in more detail, why the ALJ's decision to deny him benefits is not based on substantial evidence in the record and why it should be reversed. (Dkt. 22). Plaintiff requested, and was granted, additional time to file this supplemental brief. (Dkt. 23; Text Only Order Dated May 22, 2014). On June 26, 2014, plaintiff filed what the Court construed as his supplemental brief in support of his motion for summary judgment. (Dkt. 24). In the supplement, plaintiff again claims that he is entitled to back benefits. In support of this claim, plaintiff refers to the medical report dated September 21, 2010 from the Jefferson Medical Industrial clinic. According to plaintiff, this shows that he had moderate to severe functional impairments for occupational activity because of major depressive disorder, which has been untreated, and panic disorder, which interferes with his ability to interact with the public and coworkers. He is also subject to relapse, given the lack of psychiatric intervention.

    Plaintiff also asserts that at the time of the hearing, he was suffering from severe diabetic diarrhea for approximately a year and a half. During this time, he says he could not leave the house due to the frequency of his bowel movements. According to plaintiff, it was very embarrassing and no one would be able to work under these circumstances. This created a major depression that caused plaintiff to

isolate himself from his friends and family. According to plaintiff, his depression, anxiety, and panic disorder were not taken into consideration during the hearing.

      C.      <u>The Commissioner's Motion for Summary Judgment</u>

While plaintiff suggests that, when the ALJ denied plaintiff's claim for benefits, his "depression, anxiety and panic disorder wasn't taken into consideration," the Commissioner maintains that this is inaccurate. According to the Commissioner, the ALJ explicitly discussed Dr. Shah's exam findings, diagnoses, GAF score, and opinion. (Tr. 17). In addition, the ALJ explained why he gave Dr. Shah's opinion "limited weight," noting some of the same reasons cited by Dr. Lovko. (Tr. 17, 62). The ALJ also explicitly concluded that plaintiff had the ability to perform only "simple unskilled work with no more than routine production and stress." (Tr. 14, 17). Thus, contrary to plaintiff's assertion, the Commissioner contends that his mental impairments were, in fact, considered by the ALJ.

The Commissioner also points that plaintiff does not allege that the ALJ failed to consider plaintiff's diarrhea, or that the ALJ committed any other alleged error with respect to the diarrhea. Thus, the Commissioner contends that plaintiff has failed to develop this argument. "Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal

way, leaving the court to put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997). Moreover, the Commissioner points out that ALJ expressly considered plaintiff's diabetes and diarrhea. (Tr. 15). And, contrary to his assertions, it was not "impossible" for plaintiff to leave his home. Plaintiff admitted that he went to the "stores" to do grocery and clothes shopping, and he went to doctor's appointments (Tr. 176-77), which logically required him to leave his home. The Commissioner also points out that plaintiff obviously left his home to attend the ALJ's hearing. (Tr. 25). More importantly, according to the Commissioner, plaintiff admitted that he attended "AA meetings" two-to-three times a week. (Tr. 177). Thus, the Commissioner contends that plaintiff's testimony that it was "impossible" to leave his home was inconsistent with his own statements regarding his activities. Furthermore, plaintiff's written statements concerning his activities contained no indication that his activities were limited in any way by diarrhea. (Tr. 173-80). The Commissioner asserts that plaintiff's failure to mention any diarrhea-related limitations in his written reports severely undercut the credibility of his allegations.

 Lastly, plaintiff states that the ALJ "didn't sign proper documentation for back pay benefits per social security administration." The Commissioner argues that plaintiff failed to explain this allegation, and he submitted no evidence that suggested the ALJ or the agency erred in calculating his benefits, paying his past

6

due benefits, or paying his current benefits. Without more information, the Commissioner says that she is simply unable to respond to plaintiff's allegation in any meaningful manner.

### III. DISCUSSION

    A. <u>Standard of Review</u>

In enacting the social security system, Congress created a two-tiered system in which the administrative agency handles claims, and the judiciary merely reviews the agency determination for exceeding statutory authority or for being arbitrary and capricious. *Sullivan v. Zebley*, 493 U.S. 521 (1990). The administrative process itself is multifaceted in that a state agency makes an initial determination that can be appealed first to the agency itself, then to an ALJ, and finally to the Appeals Council. *Bowen v. Yuckert*, 482 U.S. 137 (1987). If relief is not found during this administrative review process, the claimant may file an action in federal district court. *Mullen v. Bowen*, 800 F.2d 535, 537 (6th Cir.1986).

This Court has original jurisdiction to review the Commissioner's final administrative decision pursuant to 42 U.S.C. § 405(g). Judicial review under this statute is limited in that the court "must affirm the Commissioner's conclusions absent a determination that the Commissioner has failed to apply the correct legal standard or has made findings of fact unsupported by substantial evidence in the record." *Longworth v. Comm'r of Soc. Sec.*, 402 F.3d 591, 595 (6th Cir. 2005);

*Walters v. Comm'r of Soc. Sec.*, 127 F.3d 525, 528 (6th Cir. 1997). In deciding whether substantial evidence supports the ALJ's decision, "we do not try the case de novo, resolve conflicts in evidence, or decide questions of credibility." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007); *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). "It is of course for the ALJ, and not the reviewing court, to evaluate the credibility of witnesses, including that of the claimant." *Rogers v. Comm'r of Soc. Sec.*, 486 F.3d 234, 247 (6th Cir. 2007); *Jones v. Comm'r of Soc. Sec.*, 336 F.3d 469, 475 (6th Cir. 2003) (an "ALJ is not required to accept a claimant's subjective complaints and may ... consider the credibility of a claimant when making a determination of disability."); *Cruse v. Comm'r of Soc. Sec.*, 502 F.3d 532, 542 (6th Cir. 2007) (the "ALJ's credibility determinations about the claimant are to be given great weight, particularly since the ALJ is charged with observing the claimant's demeanor and credibility.") (quotation marks omitted); *Walters*, 127 F.3d at 531 ("Discounting credibility to a certain degree is appropriate where an ALJ finds contradictions among medical reports, claimant's testimony, and other evidence."). "However, the ALJ is not free to make credibility determinations based solely upon an 'intangible or intuitive notion about an individual's credibility.'" *Rogers*, 486 F.3d at 247 (quoting Soc. Sec. Rul. 96-7p, 1996 WL 374186, *4).

If supported by substantial evidence, the Commissioner's findings of fact

are conclusive. 42 U.S.C. § 405(g). Therefore, this Court may not reverse the Commissioner's decision merely because it disagrees or because "there exists in the record substantial evidence to support a different conclusion." *McClanahan v. Comm'r of Soc. Sec.*, 474 F.3d 830, 833 (6th Cir. 2006); *Mullen v. Bowen*, 800 F.2d 535, 545 (6th Cir. 1986) (*en banc*). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Rogers*, 486 F.3d at 241; *Jones*, 336 F.3d at 475. "The substantial evidence standard presupposes that there is a 'zone of choice' within which the Commissioner may proceed without interference from the courts." *Felisky v. Bowen*, 35 F.3d 1027, 1035 (6th Cir. 1994) (citations omitted) (citing, *Mullen*, 800 F.2d at 545).

    The scope of this Court's review is limited to an examination of the record only. *Bass*, 499 F.3d at 512-13; *Foster v. Halter*, 279 F.3d 348, 357 (6th Cir. 2001). When reviewing the Commissioner's factual findings for substantial evidence, a reviewing court must consider the evidence in the record as a whole, including that evidence which might subtract from its weight. *Wyatt v. Sec'y of Health & Human Servs.*, 974 F.2d 680, 683 (6th Cir. 1992). "Both the court of appeals and the district court may look to any evidence in the record, regardless of whether it has been cited by the Appeals Council." *Heston v. Comm'r of Soc. Sec.*, 245 F.3d 528, 535 (6th Cir. 2001). There is no requirement, however, that

either the ALJ or the reviewing court must discuss every piece of evidence in the administrative record. *Kornecky v. Comm'r of Soc. Sec.*, 167 Fed. Appx. 496, 508 (6th Cir. 2006) ("[a]n ALJ can consider all the evidence without directly addressing in his written decision every piece of evidence submitted by a party.") (internal citation marks omitted); *see also Van Der Maas v. Comm'r of Soc. Sec.*, 198 Fed. Appx. 521, 526 (6th Cir. 2006).

    B.    <u>Governing Law</u>

The "[c]laimant bears the burden of proving his entitlement to benefits." *Boyes v. Sec'y of Health & Human Servs.*, 46 F.3d 510, 512 (6th Cir. 1994); *accord Bartyzel v. Comm'r of Soc. Sec.*, 74 Fed. Appx. 515, 524 (6th Cir. 2003). There are several benefits programs under the Act, including the Disability Insurance Benefits Program (DIB) of Title II (42 U.S.C. §§ 401 *et seq*.) and the Supplemental Security Income Program (SSI) of Title XVI (42 U.S.C. §§ 1381 *et seq*.). Title II benefits are available to qualifying wage earners who become disabled prior to the expiration of their insured status; Title XVI benefits are available to poverty stricken adults and children who become disabled. F. Bloch, Federal Disability Law and Practice § 1.1 (1984). While the two programs have different eligibility requirements, "DIB and SSI are available only for those who have a 'disability.'" *Colvin v. Barnhart*, 475 F.3d 727, 730 (6th Cir. 2007). "Disability" means:

> inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months.

42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A) (DIB); *see also* 20 C.F.R. § 416.905(a) (SSI).

The Commissioner's regulations provide that disability is to be determined through the application of a five-step sequential analysis:

> Step One:  If the claimant is currently engaged in substantial gainful activity, benefits are denied without further analysis.
>
> Step Two:  If the claimant does not have a severe impairment or combination of impairments, that "significantly limits ... physical or mental ability to do basic work activities," benefits are denied without further analysis.
>
> Step Three:  If plaintiff is not performing substantial gainful activity, has a severe impairment that is expected to last for at least twelve months, and the severe impairment meets or equals one of the impairments listed in the regulations, the claimant is conclusively presumed to be disabled regardless of age, education or work experience.
>
> Step Four:  If the claimant is able to perform his or her past relevant work, benefits are denied without further analysis.
>
> Step Five: Even if the claimant is unable to perform his or her past relevant work, if other work exists in the national economy that plaintiff can perform, in view of

>his or her age, education, and work experience, benefits are denied.

20 C.F.R. §§ 404.1520, 416.920; *Heston*, 245 F.3d at 534. "If the Commissioner makes a dispositive finding at any point in the five-step process, the review terminates." *Colvin*, 475 F.3d at 730.

"Through step four, the claimant bears the burden of proving the existence and severity of limitations caused by her impairments and the fact that she is precluded from performing her past relevant work." *Jones*, 336 F.3d at 474, cited with approval in *Cruse*, 502 F.3d at 540. If the analysis reaches the fifth step without a finding that the claimant is not disabled, the burden transfers to the Commissioner. *Combs v. Comm'r of Soc. Sec.*, 459 F.3d 640, 643 (6th Cir. 2006). At the fifth step, the Commissioner is required to show that "other jobs in significant numbers exist in the national economy that [claimant] could perform given [his] RFC and considering relevant vocational factors." *Rogers*, 486 F.3d at 241; 20 C.F.R. §§ 416.920(a)(4)(v) and (g).

If the Commissioner's decision is supported by substantial evidence, the decision must be affirmed even if the court would have decided the matter differently and even where substantial evidence supports the opposite conclusion. *McClanahan*, 474 F.3d at 833; *Mullen*, 800 F.2d at 545. In other words, where substantial evidence supports the ALJ's decision, it must be upheld.

C. <u>Analysis and Conclusions</u>

While the undersigned has thoroughly reviewed the record evidence, the parties' submissions, and the ALJ's decision, plaintiff cannot simply make the bald claims that the ALJ erred, while leaving it to the Court to scour the record to support this claim. *See McPherson v. Kelsey*, 125 F.3d 989, 995-96 (6th Cir. 1997) ("[I]ssues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in a most skeletal way, leaving the court to ... put flesh on its bones.") (citation omitted); *Crocker v. Comm'r of Soc. Sec.*, 2010 WL 882831 at *6 (W.D. Mich. 2010) ("This court need not make the lawyer's case by scouring the party's various submissions to piece together appropriate arguments.") (citation omitted). In the view of the undersigned, all of plaintiff's arguments, especially that pertaining to back benefits, are wholly insufficient and undeveloped. Plaintiff offers no basis whatsoever for the Court to conclude that the ALJ's decision is not supported by substantial evidence and offers no factual or legal basis for the Court to conclude that the ALJ committed reversible error of any sort.

Moreover, the Commissioner convincingly establishes that the ALJ's RFC is well-supported by substantial evidence and that plaintiff's credible limitations were accommodated in the RFC. Plaintiff relies on the results of the September

13

21, 2010 psychiatric evaluation performed by Dr. Shah at the Jefferson Medical Industrial Clinic, as reiterated by Ken Lovko, Ph.D., the State agency reviewing psychologist. (Tr. 54, 56, 58, 371-75). Plaintiff complained of depression and anxiety symptoms. (Tr. 371-73). Dr. Shah noted that an exam revealed plaintiff was "depressed, anxious, and friendly. Affect was blunted." (Tr. 56, 373). Based on the examination, Dr. Shah diagnosed "major depressive disorder, recurrent, with psychotic features, untreated," and "panic disorder, chronic, untreated," and he assigned plaintiff a GAF score of 55. (Tr. 56, 374). Dr. Shah stated that, based on the exam, plaintiff "had moderate to severe functional impairment for occupational activity because of major depressive disorder which has been untreated and panic disorder which interferes with his ability to interact with the public and coworkers. He is subject to relapse in the view of the lack of psychiatric intervention." (Tr. 54, 58, 374).

As plaintiff notes, Dr. Lovko considered Dr. Shah's exam findings, diagnoses, and opinion. (Tr. 54, 56, 58). Dr. Lovko concluded that plaintiff had "mild" limitations of daily activities, "moderate" limitations of social functioning and concentration, persistence, or pace, and no episodes of decompensation. (Tr. 57). Dr. Lovko explained that plaintiff complained of memory problems, but recalled two out of three items after a three-minute delay and "can make basic meals, does lawn work, shops, can manage finances," and his limitations in those

areas were "due to pain issues," not mental health issues. (Tr. 60-61). Dr. Lovko further explained that plaintiff was "fine with authority, has friends, but has been more irritable due to pain issues," and he was "[n]ot significantly limited" with respect to the abilities to get along with coworkers or peers, maintain socially appropriate behavior, and accept instructions and respond appropriately to criticism from supervisors. (Tr. 61). Dr. Lovko stated that plaintiff's:

> allegation of severity of functioning is not supported by totality of [medical evidence] in file. GAF of 55, this usually indicates moderate limitations in adaptive functioning. Functioning suggests [claimant] is able to perform a wide range of activities. No psychotropic meds reported. Not currently receiving psychiatric treatment or psychotherapy services. There have been no hospitalizations and no apparent periods of decompensation.

(Tr. 62). He opined that plaintiff could understand, remember, and carry out unskilled tasks, attend to tasks for sufficient periods to complete the tasks, manage the stress of unskilled work, and relate at least superficially on an ongoing basis with co-workers and supervisors. (Tr. 62).

In the view of the undersigned, the ALJ properly relied on Dr. Lovko's opinions and incorporated those limitations into the RFC. Plaintiff fails to explain how the ALJ's RFC does not accommodate his credible limitations, as found by the ALJ, which are fully supported by substantial evidence in the record. Moreover, simply because plaintiff suffers from a certain condition or carries a

15

certain diagnosis does not equate to disability or a particular RFC. Rather, the residual functional capacity circumscribes "the claimant's residual abilities or what the claimant can do, not what maladies a claimant suffers from–though his maladies will certainly inform the ALJ's conclusion about the claimant's abilities." *Howard v. Comm'r of Soc. Sec.*, 276 F.3d 235, 240 (6th Cir. 2002). "A claimant's severe impairment may or may not affect his or her functional capacity to work. One does not necessarily establish the other." *Yang v. Comm'r of Soc. Sec.*, 2004 WL 1765480, at *5 (E.D. Mich. 2004). "The regulations recognized that individuals who have the same severe impairment may have different [residual functional capacities] depending on their other impairments, pain, and other symptoms." *Griffeth v. Comm'r of Soc. Sec.*, 217 Fed. Appx. 425, 429 (6th Cir. 2007); 20 C.F.R. § 404.1545(e). Thus, the mere existence of any condition from which plaintiff may have suffered does not necessarily establish any functional limitation or disability. The undersigned also agrees with the Commissioner's assessment that the ALJ properly considered plaintiff's diarrhea complaints and nothing in the record suggests that plaintiff is more limited than as found by the ALJ. Significantly, plaintiff has failed to produce medical evidence or an opinion showing that he had greater limitations than the ALJ found. *See Maher v. Sec'y of Health and Human Servs.*, 898 F.2d 1106, 1109 (6th Cir. 1987), citing *Nunn v. Bowen*, 828 F.2d 1140, 1145 (6th Cir. 1987) ("lack of physical

restrictions constitutes substantial evidence for a finding of non-disability.").

## IV. RECOMMENDATION

For the reasons set forth above, the undersigned **RECOMMENDS** that plaintiff's motion for summary judgment be **DENIED**, that defendant's motion for summary judgment be **GRANTED**, and that the findings of the Commissioner be **AFFIRMED**.

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health and Human Servs.*, 932 F.2d 505 (6th Cir. 1981). Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Sec'y of Health and Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an

objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed.R.Civ.P. 72(b)(2), Local Rule 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date: January 29, 2015      s/Michael Hluchaniuk
                            Michael Hluchaniuk
                            United States Magistrate Judge

## CERTIFICATE OF SERVICE

I certify that on January 29, 2015, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send electronic notification to all counsel of record and I certify that I have mailed by United States Postal Service the foregoing pleading to the following non-ECF participant(s), at the following address(es): Terrell Jackson, 7760 Faust, Detroit, MI 48228.

                            s/Tammy Hallwood
                            Case Manager
                            (810) 341-7887
                            tammy_hallwood@mied.uscourts.gov